IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Cheyenne Seiber,<br>*on behalf of herself and*<br>*others similarly situated*,<br><br>                              Plaintiff,<br><br>      -vs-<br><br>Management and Training Corporation,<br><br>                              Defendant. | Case No. 3:19 CV 2983<br><br>ORDER APPROVING FLSA<br>SETTLEMENT AND PRELIMINARILY<br>GRANTING CLASS ACTION<br>SETTLEMENT<br><br>JUDGE JACK ZOUHARY |

Plaintiff Cheyenne Seiber ("Plaintiff") and Defendant Management & Training Corporation ("Defendant") move this Court for approval of settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for preliminary approval of the class action settlement to resolve claims under state law, and of the Notice of Settlement to be sent to putative class members, and to set a final Fairness Hearing.

The Settlement contains an FLSA Collective Action Settlement component and a Rule 23 Class Action component. The FLSA component serves to resolve all federal wage and hour claims for current and former employees of Defendant who timely opted into the conditionally certified collective action pursuant to the Section 16(b) of the FLSA (the "FLSA Collective"). The Rule 23 component of the settlement resolves parallel Ohio claims for all similarly situated individuals employed in Ohio by Defendant during the two years prior to the filing of the Complaint, unless such employees choose to opt out of the Settlement (the "Ohio Class").

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion (Doc. 70), the Declaration (Doc. 70-3), and the other filings, and for good cause, this Court approves the settlement of the FLSA Collective, grants preliminary approval of the settlement of the Ohio Class claims, and approves the Notice of Settlement to be sent to the Ohio Class Members, as follows:

1. On December 27, 2019, Representative Plaintiff filed her Class and Collective Action Complaint on behalf of herself and others similarly situated (Doc. 1). In her Complaint, Representative Plaintiff alleges that Defendant violated the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act by failing to pay Representative Plaintiff and the Class Members for all hours worked, resulting in unpaid overtime. Specifically, Plaintiff alleges she and other correctional officers were not compensated for time spent engaged in certain pre-shift activities, including time engaged in pre-shift security screening, attending meetings, receiving shift assignments, receiving equipment, and relieving the prior shift.

2. On February 5, 2020, Plaintiff filed her First Amended Complaint, which reasserted claims under the FLSA for all similarly situated employees of Defendant nationwide, and which reasserted claims under the OMFWSA as to Ohio employees (Doc. 7). On February 21, 2020, Defendant filed its Answer to the Amended Complaint, denying that it had failed to compensate its employees for all hours worked, denying all alleged violations of state and federal law, and asserting affirmative defenses (Doc. 11).

3. On April 17, 2020, counsel filed a Joint Stipulation of Conditional Certification and Notice to Putative Plaintiffs (Doc. 19). In their Stipulation, the parties agreed to conditional certification of a collective action as to the FLSA claims of correctional officers employed at eleven of Defendant's facilities, including the Ohio facility, and ten additional facilities located in Texas.

This Court approved the Stipulation and directed that Notice and Consent forms be issued to the conditionally certified FLSA Collective in the form proposed by counsel (Doc. 21).

4. Counsel engaged in arms-length settlement negotiations that were well-informed by a damages analysis and a statistical expected valuation analysis, and that were facilitated by a private mediator. The settlement negotiations culminated in a proposed agreement.

5. A Joint Motion for Approval of Collective Action Settlement and for Preliminary Approval of Class Action Settlement was filed on December 23, 2020 (Doc. 70).

6. Having reviewed the Settlement Agreement and Joint Motion, this Court approves, as fair and reasonable, the settlement of the FLSA Collective Action, with claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

7. Similarly, having reviewed the Settlement Agreement and Joint Motion, this Court preliminarily approves as fair and reasonable, under Ohio Revised Code § 4111.03, the Class Action Settlement.

8. For purposes of effectuating this settlement, this Court defines the Ohio Class Members as:

> all current or former employees of Defendant with the job title of "Correctional Officer" who worked 40 hours or more in any workweek and who engaged in pre-shift security screenings between December 27, 2017 and the Release Effective Date (the "Ohio Relevant Period") and were employed by Defendant at North Central Correctional Complex.

9. With respect to the proposed Ohio Class Members, this Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that certification is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). In particular, this Court preliminarily finds that: (a) the members of the proposed Ohio Class Members are so numerous that joinder of all Ohio

Class Members is impracticable; (b) there are questions of law and fact common to the proposed Ohio Class Members; (c) the claims of the proposed Representative Plaintiff are typical of the claims of the proposed Ohio Class Members; (d) the proposed Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class Members; (e) the questions of law and fact common to members of the proposed Ohio Class Members predominate over questions affecting only individual members; and (f) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy.

10. This Court also approves the Notice of Class Action Settlement submitted by counsel as to substance, form, and manner of distribution, which is further outlined in the Settlement Agreement. This Court finds that the Notice complies with Federal Civil Rule 23 and with due process, constitutes the best notice practicable under the circumstances, and provides due and sufficient notice to all persons entitled to notice of the settlement. This Court also finds this settlement constitutes a valid waiver and settlement of the Ohio Class Members FLSA claims.

11. This Court hereby designates Hans A. Nilges and Christopher J. Lalak of Nilges Draher LLC, and Matthew J.P. Coffman of Coffman Legal LLC as class counsel, and preliminarily grants class counsel their requested attorney fees and costs as set forth in the Settlement Agreement. Furthermore, this Court preliminarily approves Representative Plaintiff's requested service payment as outlined in the Settlement Agreement.

12. This Court orders that the Notice of Class Action Settlement be distributed to the members of the Ohio Class in the manner described in the Settlement Agreement.

13. This Court sets a Fairness Hearing for **Wednesday, March 23, 2021 at 2:00 PM**, at which time this Court will consider a request for final approval of the proposed settlement as well as an entry of Final Judgment.

IT IS SO ORDERED.

                                                      s/ *Jack Zouhary*
                                                      JACK ZOUHARY
                                                      U. S. DISTRICT JUDGE

                                                      December 30, 2020