IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cheyenne Seiber,                                              Case No. 3:19 CV 2983
*on behalf of herself and*
*others similarly situated*,                       ORDER GRANTING
                                                         FINAL APPROVAL OF
                          Plaintiff,                   <u>CLASS ACTION SETTLEMENT</u>

                                                         JUDGE JACK ZOUHARY
                     -vs-

Management and Training Corporation,

                          Defendant.

Plaintiff Cheyenne Seiber ("Plaintiff") and Defendant Management & Training Corporation ("Defendant") have moved this Court for final approval of the class action settlement, which was preliminarily approved on December 30, 2020 (Docs. 70–71). A record Fairness Hearing was held on March 23, 2021. Counsel present: Christopher Lalak for Plaintiff; Veronica Von Grabow for Defendant. Court Reporter: Angela Nixon.

Having reviewed the Settlement Agreement, as well as the Joint Motion for Final Approval of Class Action Settlement with the attached Declaration (Doc. 72), and the pleadings and papers on file, this Court grants Final Approval of the Settlement Agreement and finds as follows:

        1.         On December 27, 2019, Representative Plaintiff filed her Class and Collective Action Complaint on behalf of herself and others similarly situated (Doc. 1). Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay for all hours worked, resulting in unpaid overtime. Specifically, Plaintiff alleged that she and other correctional officers were not compensated for time spent engaged

in certain pre-shift activities, including time engaged in pre-shift security screening, attending meetings, receiving shift assignments, receiving equipment, and relieving the prior shift.

2. On February 5, 2020, Plaintiff filed her First Amended Complaint, which reasserted claims under the FLSA for all similarly situated employees of Defendant nationwide, and which reasserted claims under the OMFWSA for Defendant's Ohio employees (Doc. 7). On February 21, 2020, Defendant filed its Answer to the Amended Complaint, denying that it had failed to compensate its employees for all hours worked, denying all alleged violations of state and federal law, and asserting affirmative defenses (Doc. 11).

3. On April 17, 2020, the Parties filed a Joint Stipulation of Conditional Certification and Notice to Putative Plaintiffs (Doc. 19). In their Stipulation, the Parties agreed to conditional certification of a collective action covering FLSA claims for correctional officers employed at eleven of Defendant's facilities, including the Ohio facility and ten additional facilities located in Texas. This Court approved the Stipulation and directed that Notice and consent forms be issued (Doc. 21).

4. The Parties engaged in arms-length settlement negotiations that were well-informed by a damages analysis and a statistical expected-valuation analysis, and that were facilitated by a private mediator. Negotiations culminated in a proposed Settlement Agreement that contains an FLSA component and a Rule 23 component.

5. The FLSA component resolves all federal wage-and-hour claims for current and former employees of Defendant who timely opted into the action pursuant to the Section 16(b) of the FLSA (the "FLSA Collective"). The Rule 23 component of the settlement resolves parallel Ohio claims for all similarly situated individuals employed in Ohio during the two years prior to the filing of the Complaint (the "Ohio Class").

6. On December 23, 2020, a Joint Motion for Approval of Collective Action Settlement and for Preliminary Approval of Class Action Settlement was filed (Doc. 70). This Court approved the FLSA Collective Action Settlement and further granted Preliminary Approval of the Class Action Settlement on December 30, 2020, ordering that the Notice of Class Action Settlement be distributed to members of the Ohio Class (Doc. 71).

7. The Parties filed a Declaration from the Settlement Administrator verifying that notices were distributed to the Ohio Class members in the form and manner approved by this Court (Docs. 72, 72-1). No requests for exclusion or objections have been filed.

8. Members of the Ohio Class were given adequate notice of the pendency of the proposed settlement, and the date of the fairness hearing, as previously ordered by this Court. The notice was reasonable and the best notice practicable, and satisfied the requirements of Civil Rule 23 and due process.

9. The proposed settlement satisfies the standard for final approval of a class action settlement under Civil Rule 23(e). The proposed settlement class satisfies the requirements of commonality, numerosity, typicality, and adequacy of representation, as well as the requirements of predominance and superiority. Plaintiff Cheyenne Seiber is a member of the Class and an adequate representative. She possesses the same interests and suffered the same injuries as the other Class members. The definition of the Ohio Class encompasses persons with like factual circumstances and like claims. The settlement payments available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Ohio Class, and satisfies final approval under Civil Rule 23(e).

10. Class payments shall be distributed to class members in the manner described in the Settlement Agreement. The total settlement payment, after deduction of the service award to Representative Plaintiff, attorney fees, and litigation reimbursements to Plaintiff's Counsel, shall be distributed to members of the Ohio Class, which are calculated proportionally based on the alleged overtime damages for each class member.

11. The Service Award to Representative Plaintiff and the payment of attorney fees and costs, shall be made pursuant to the terms and conditions as set forth in the Settlement Agreement.

12. If any monies are not claimed by the nationwide class or the Ohio class, then, contrary to the Settlement Agreement (Doc. 70-1 at 6, 11), counsel shall jointly advise this Court of the amount and seek Court approval of the charitable recipient of the *cy pres* fund.

13. This Court dismisses this action with prejudice. This Court retains jurisdiction for the purpose of enforcing the Settlement Agreement. There being no just reason to delay, entry of this Order shall close the case.

IT IS SO ORDERED.

                                             s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

March 24, 2021